IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| In re: 22 Saulsbury, LLC, | Chapter 11 |
| Debtor. | Bankruptcy Case No. 14-12381-MFW |

| 22 Saulsbury, LLC, | |
| Appellant, | |
| v. | Civil Action No. 15-107-RGA |
| TD Bank, N.A., | |
| Appellee. | |

## MEMORANDUM ORDER

At Wilmington on this 13th day of February, 2015, this matter coming before the Court upon Appellant's Emergency Motion to Stay Order of the Bankruptcy Court Pending Appeal (D.I. 5), Appellant's Motion to Expedite Hearing (D.I. 6), and Appellant's Request for Certification of Direct Appeal to the U.S. Court of Appeals (D.I. 7), and having considered the parties' papers submitted in connection therewith,

IT IS HEREBY ORDERED that:

1. Appellant's Emergency Motion to Stay Order of the Bankruptcy Court Pending Appeal (D.I. 5) is **DENIED**;

2. Appellant's Motion to Expedite Hearing (D.I. 6) is **DISMISSED** as moot;

3. Appellant's Request for Certification of Direct Appeal to the U.S. Court of Appeals (D.I. 7) is **DENIED**.

Background. Appellant filed for chapter 11 bankruptcy relief in the United States Bankruptcy Court for the District of Delaware on October 20, 2014. (D.I. 5, at p. 2). Appellant's

sole asset is real property located at 22 Saulsbury Street, Bethany Beach, Delaware, 19771. *Id.* Prior to Appellant's bankruptcy, TD Bank had obtained a default *scire facias* foreclosure judgment against the Saulsbury property. (D.I. 9, at p. 3). On November 11, 2014, TD Bank filed a motion to lift the automatic stay pursuant to § 362(d) to proceed with the foreclosure. (Bankr. Case No. 14-12381-MFW, D.I. 15). After a hearing, the Bankruptcy Court issued an order granting TD Bank the requested relief. (D.I. 1-1). On January 29, 2015, Appellant filed a notice of appeal from that order in this Court. That same day, Appellant filed its Emergency Motion to Stay Order of Bankruptcy Court Pending Appeal (D.I. 5), Motion to Expedite Hearing on the Emergency Motion (D.I. 6), and Request for Certification of Direct Appeal (D.I. 7).

Contentions. Appellant's appeal alleges that TD Bank does not hold the note evidencing indebtedness and that it is not the proper beneficiary of the mortgage on the property. (D.I. 5, at p. 6). Appellant maintains that it is not challenging the state court foreclosure judgment, but rather whether TD Bank had standing as a "party in interest" under § 362(d) to lift the stay. It contends that it has a strong likelihood of succeeding on the merits of the appeal, and the Bankruptcy Court's order should be stayed prior to the scheduled February 17, 2015 sheriff's sale of the property. In response, TD Bank argues that the Bankruptcy Court correctly found that the state court foreclosure judgment precluded federal court review of TD Bank's standing to foreclose. TD Bank maintains that Debtor's motion for a stay pending appeal should be denied.

Standard of Review. Appeals from the Bankruptcy Court to this Court are governed by 28 U.S.C. § 158. This Court has mandatory jurisdiction over the appeal from the Bankruptcy Court's order lifting the stay, which is a final order. 28 U.S.C. § 158(a)(1); *see In re Comer*, 716 F.2d 168, 172 (3d Cir. 1983). This Court reviews the Bankruptcy Court's findings of fact for clear error and exercises plenary review over questions of law. *See Am. Flint Glass Workers*

2

*Union v. Anchor Resolution Corp.*, 197 F.3d 76, 80 (3d Cir. 1999). The Court considers four elements when deciding a motion for a stay pending appeal:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991).

Discussion. The Bankruptcy Court dismissed Appellant's allegation that TD Bank did not hold the note, reasoning that *res judicata* prevented it from considering that issue.[1] Appellant contends that this was erroneous because a *scire facias* proceeding does not address who holds the note; therefore, the Bankruptcy Court should not have given TD Bank's standing preclusive effect. For support, Appellant relies on *In re Miller*, 666 F.3d 1255, 1262 (10th Cir. 2012). In that case, the bankruptcy court had lifted the stay to allow a bank to proceed on its prior foreclosure judgment. On appeal to the Bankruptcy Appellate Panel for the Tenth Circuit, debtor argued that the bank did not hold the note and could not be a "party in interest" under § 362(d). *Id.* The BAP dismissed the appeal finding that the *Rooker-Feldman* doctrine precluded reconsidering the state court judgment. The Court of Appeals for the Tenth Circuit reversed. That Court determined that the state statute permitting the foreclosure provided for "no final judgment ... and [thus] the rulings of the court in such proceedings d[id] not have preclusive effect." *In re Miller*, 666 F.3d at 1262 (referring to Colo. R. Civ. P. 120). The Court concluded that it could consider debtor's challenge to the bank's purported standing to lift the automatic stay.

---

[1] Appellant attempts to shoe-horn the Bankruptcy's Court's decision into the *Rooker-Feldman* doctrine, and then argue that invoking this doctrine was erroneous. The Bankruptcy Court did not rely on this principle and this Court will not consider that argument. (*See* D.I. 5, at p. 4).

3

Appellant's reliance on *In re Miller* is unpersuasive. In contrast to Colo. R. Civ. P. 120, a *scire facias* judgment under Delaware law is a final executable judgment. *See Matter of Skelly*, 38 B.R. 1000, 1002 (D. Del. 1984) (applying Delaware law). While a *scire facias* proceeding focuses on *in rem* rather than *in personam* actions, this does not negate the proceeding's finality with respect to the mortgagee's right to foreclose on the mortgage. "In essence, a writ of *scire facias sur* mortgage is a rule to show cause that requires the mortgagor to appear and establish why the mortgagee should not be allowed to foreclose." *Am. Nat. Ins. Co. v. G-Wilmington Associates, L.P.*, 2002 WL 31383924, at *2 (Del. Super. Oct. 18, 2002). "Where a defendant fails to assert a legally recognized defense in a *scire facias* action, 'allegations will be deemed admitted, and default judgment may be entered thereon.'" *Id.* (quoting Del. Code Ann. tit. 10 § 3901(d)). Appellant's challenge to TD Bank's standing under § 362(d) necessarily calls into question its right as a "party in interest" to foreclose on the mortgage—a right already adjudicated by the state court. Appellant has not made a strong showing that it will likely succeed on the merits.

Appellant's discussion of harm is essentially that its ability to receive appellate review will be diminished or eliminated. (D.I. 5, at pp. 9–10). Given the conclusion that Appellant is unlikely to succeed on the merits, Appellant cannot demonstrate that it will suffer irreparable harm if the stay is denied. Further delay will only increase the harm to TD Bank as a continued stay prevents it from recovering its uninsured collateral. Finally, Appellant argues that public interest supports granting the stay because of "the strong public policy in favor of correct application of the law." (D.I. 5, at p. 11) (citing *Ams. United for Separation of Church & State v. City of Grand Rapids*, 922 F.2d 303, 306 (6th Cir. 1990)). The Court agrees with Appellant's recitation of the law, but because Appellant is unlikely to succeed on the merits, this factor

4

weighs in TD Bank's favor. Taken as a whole, the factors weigh strongly in favor of denying Appellant's motion for a stay pending appeal.

Appellant further requests that this Court certify a direct appeal to the Third Circuit pursuant to 28 U.S.C. § 158(d)(2)(A). (D.I. 7). Appellant claims that the issue it raises lacks a controlling decision of law, and is subject to a split of authorities, thus direct appeal is appropriate under both § 158(d)(2)(A)(i) and (ii). Appellant bases these assertions upon its incorrect assessment that the Bankruptcy Court invoked the *Rooker-Feldman* doctrine. Appellant's excerpt from the hearing transcript reveals that the Bankruptcy Court relied on *res judicata*, not the *Rooker-Feldman* doctrine. (D.I. 7, at p. 4). Direct appeal based on this theory is meritless. Appellant also argues that in an unrelated case pending before the Third Circuit, the trustee of the trust that owns the Debtor may receive a substantial sum of money that could repay all outstanding debts. The Court finds this argument speculative and an insufficient basis to grant direct appeal.

5. Conclusion. This Court will deny Appellant's Emergency Motion to Stay Order of the Bankruptcy Court Pending Appeal (D.I. 5), dismiss Appellant's Motion to Expedite Hearing (D.I. 6), and deny its Request for Certification of Direct Appeal to the U.S. Court of Appeals. (D.I. 7).

*/s/ Richard G. Andrews*
UNITED STATES DISTRICT JUDGE